MELISSA HOLYOAK, United States Attorney (#9832)
IAN K. ROSS, Special Assistant United States Attorney (#19066)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Tel: 801-524-3080
Fax: 801-524-4366
Email: iross@agutah.gov

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS ANGEL CAMACHO-SOTO,<br>FABIOLA GARCIA,<br><br>and<br><br>JOSEPH ANTHONY GOMEZ,<br><br>Defendants. | Case No. 2:26mj547 CMR<br><br>COMPLAINT<br>FILED UNDER SEAL<br><br>Count 1: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Fentanyl (> 400 grams) (Garcia and Gomez);<br><br>Count 2: 21 U.S.C. §(a)(1) Distribution of Fentanyl (>400 grams) (Camacho-Soto); and<br><br>Count 3: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute Fentanyl (> 400 grams) (Camacho-Soto)<br><br>U.S. Chief Magistrate Judge Cecilia M. Romero |

Before the Honorable Cecilia M. Romero, United States Chief Magistrate Judge for the District of Utah, appears the undersigned, who on oath deposes and says:

**COUNT 1**
**21 U.S.C. § 841(a)(1)**
**Possession of Fentanyl with Intent to Distribute**

On or about June 25, 2026, in the District of Utah,

FABIOLA GARCIA, and
JOSEPH ANTHONY GOMEZ

defendants herein, did knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

**COUNT 2**
**21 U.S.C. § 841(a)(1)**
**Distribution of Fentanyl**

On or about June 25, 2026, in the District of Utah,

LUIS ANGEL CAMACHO-SOTO

defendant herein, did knowingly and intentionally distribute four hundred (400) grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**
**Possession of Fentanyl with Intent to Distribute**

On or about June 25, 2026, in the District of Utah,

LUIS ANGEL CAMACHO-SOTO

defendant herein, did knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

This Complaint is made on the basis of investigation described in the affidavit below, and with the following elements for the charged count as follows:

The elements of Count One, Possession of Fentanyl with Intent to Distribute, a violation of 21 U.S.C. § 841(a)(1), are as follows:

a. The defendants possessed a mixture or substance containing Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812;
b. The defendants did so knowingly and intentionally;
c. At the time the defendants possessed the mixture or substance containing Fentanyl, they intended to distribute it; and
d. The amount of fentanyl the defendants intended to distribute was 400 grams or more.

The elements of Count Two, Distribution of Fentanyl, a violation of 21 U.S.C. § 841(a)(1), are as follows:

a. The defendant distributed a mixture or substance containing Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812;

b. The defendant did so knowingly and intentionally; and
c. The amount of fentanyl the defendant distributed was 400 grams or more.

The elements of Count Three, Possession of Fentanyl with Intent to Distribute, a violation of 21 U.S.C. § 841(a)(1), are as follows:

a. The defendant possessed a mixture or substance containing Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812;
b. The defendant did so knowingly and intentionally;
c. At the time the defendant possessed the mixture or substance containing Fentanyl, he intended to distribute it; and
d. The amount of fentanyl the defendant intended to distribute was 400 grams or more.

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

Complainant, Taylor Atkin, being duly sworn, hereby states that this Felony Complaint is based on information obtained through an investigation consisting of the following:

1. I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA). I am currently assigned to the DEA Salt Lake City District Office (SLCDO) and the Metro Narcotics Task Force (MNTF) and am tasked with investigating drug trafficking in the District of Utah. I am familiar with the facts and circumstances alleged in this Complaint.

2. On June 25, 2026, Special Agents and TFOs from MNTF, along with agents from the State Bureau of Investigations (SBI), were in the area of the Flying J gas station located at 1605 Saddleback Blvd, Tooele, Utah, when they observed suspicious activity from a blue Ford Explorer bearing Utah license plate 6BD640.

3. Law enforcement observed the Ford drive around the gas station slowly with both adult occupants looking around. It appeared to law enforcement that the occupants were looking for something or someone. The Ford stopped in front of the gas station and an adult female, later identified as Fabiola GARCIA ("GARCIA"), wearing a white shirt and black pants, got out from the front passenger seat. GARCIA went inside the front door of the gas station with nothing in her hands but a cellphone. GARCIA then exited the rear of the gas station and walked around the parking lot, still only holding her phone. GARCIA appeared to be looking around and was talking on the phone.

4. GARCIA approached a white semi-truck bearing California license plate ZP082248. Shortly thereafter, GARCIA walked away from the semi-truck carrying a black fanny pack that she did not previously have.

5. GARCIA then began walking toward the road where the Ford met her and picked her up. The Ford then drove to a hotel close to the Flying J. Law enforcement observed an adult male, later identified as Joseph Anthony GOMEZ ("GOMEZ"), exit the Ford's driver's seat.

6. Based on their training and experience, law enforcement believed they had witnessed a drug transaction. As a result, law enforcement casually approached both GARCIA and GOMEZ. GOMEZ was still standing outside the Ford and GARCIA was seated in the Ford. Law enforcement did not activate any emergency lights or sirens but were wearing vests that identified them as law enforcement. Law enforcement asked if they could speak with both GOMEZ and GARCIA. GOMEZ was uncooperative and declined to

speak with law enforcement. GARCIA denied ever being at the Flying J, despite law enforcement's observations. GARCIA stated she was at the hotel to spend time with Gomez. Based upon their observations and GARCIA's statements, law enforcement detained both GARCIA and GOMEZ. Law enforcement then contacted a Tooele City Police Department (TCPD) K9 unit and asked the K9 to respond. The K9 unit arrived approximately 10 to 15 minutes later. The K9 conducted a sniff around the Ford and positively indicated the presence of narcotic odors in the Ford. Based on the K9's positive indication, law enforcement searched the Ford.

7. Inside the Ford, investigators found approximately 10,000 small blue pills marked "M30." These pills are consistent with fentanyl pills and field-tested positive for the presence of fentanyl. The pills were located inside a large plastic bag inside a black fanny pack. The fanny pack appeared to be the same one that GARCIA had after approaching the semi-truck. The suspected fentanyl pills weighed approximately 1,170 grams.

8. Concurrently, law enforcement approached the white semi-truck and detained the driver, identified as Luis CAMACHO-SOTO ("CAMACHO"). There was also an adult female passenger ("AF1") whose identity is known to law enforcement.

9. AF1 said she was travelling with her boyfriend, CAMACHO. AF1 also said that when they got to the Flying J, CAMACHO asked AF1 to make an exchange for him. AF1 said a female (matching GARCIA's description) approached the semi-truck and got inside. At CAMACHO's request, AF1 gave the female the fanny pack in exchange for money.

10. The same TCPD K9 alerted to the presence of narcotic odors within the semi-truck. Inside the semi-truck, law enforcement found approximately 10,000 small blue pills marked "M30." These pills also field-tested positive for the presence of fentanyl and weighed more than 400 grams. The pills were in a large plastic bag similar to the pills located in the Ford.

11. Post-*Miranda*, CAMACHO stated that he is just a driver and someone else tells him where to deliver the pills. CAMACHO stated this is his second time making such a delivery and he was being paid $500.

12. The pill amounts located in both the Ford and semi-truck are each consistent with distribution.

13. Based on the foregoing information, I respectfully request an arrest warrant be issued for FABIOLA GARCIA and JOSEPH ANTHONY GOMEZ for violations of 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute, and for LUIS ANGEL CAMACHO-SOTO, for violations of 21 U.S.C. § 841(a)(1) for Distribution of Fentanyl

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

and 21 U.S.C. § 841(a)(1) for Possession of Fentanyl with Intent to Distribute.

*/s/ Taylor Atkin*
TAYLOR ATKIN
Task Force Officer
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me this 30th day of June, 2026.

Cecilia M. Romero
Chief United States Magistrate Judge

APPROVED AS TO FORM:

MELISSA HOLYOAK
United States Attorney

*/s/ Ian K. Ross*
IAN K. ROSS
Special Assistant United States Attorney